ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

KASHMIR SINGH, A# 27076090,

                  Plaintiff,

    -against-

MARY ANN GANTNER, Director, United
States Citizenship and Immigration Services
New York City District,

                  Defendants.

------------------------------------------X

07 Civ. 772

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8 5 08

A P P E A R A N C E S:

    Attorney for Plaintiff

    WARREN S. HECHT, Esq.
    118-21 Queens Boulevard
    Forest Hills, NY 11375

    Attorneys for Defendant

    MICHAEL J. GARCIA
    United States Attorney for the
    Southern District of New York
    86 Chambers Street
    New York, NY 10007
    By: FRANK JAMES LOPREST, JR., Esq.

96337

MICROFILMED

AUG - 7 2008 -12 00 PM

**Sweet, D.J.**

Defendant Andrea Quarantillo, District Director of the New York District office of the United States Citizenship Immigration Services ("Defendant," "CIS" or "Government"),[1] has moved to dismiss the complaint of plaintiff Kashmir Singh ("Plaintiff" or "Singh") for lack of subject matter jurisdiction and failure to state a claim upon which the Court may grant relief, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the reasons stated below, the motion is granted and the complaint dismissed.

## I.    BACKGROUND

Singh is a native and citizen of India living in Staten Island. He claims that he first entered the United States in 1982.

In August, 2004, the New York State Department of Criminal Justice Services submitted a criminal record to the CIS indicating that in October, 1987, Singh was convicted upon pleading guilty in Queens County Criminal Court to driving

---

[1] Andrea Quarantillo has succeeded Mary Ann Gantner as the District Director of the CIS's New York District and is therefore substituted as defendant pursuant to Fed. R. Civ. P. 25(d).

without a license, for which he was sentenced to time served. The record also indicated that in February, 1994, New York City police arrested Singh on felony charges including vehicular assault, second-degree assault, and criminal mischief, in satisfaction of which Singh was convicted upon pleading guilty in New York County Criminal Court in June, 1994, to third-degree assault (a misdemeanor) and sentenced to three years' probation. Finally, the record indicated that in December, 1997, New York City police arrested Singh on a charge of driving while intoxicated. On July 20, 1998, in satisfaction of that charge, Singh was convicted upon pleading guilty in Richmond County Criminal Court to driving while alcohol-impaired, for which his license was suspended for ninety days and he was made to pay a $300 fine.

On December 7, 2004, Singh applied for adjustment of status. In the application, when asked whether he had "ever . . . been arrested, cited, charged, indicated, fined or imprisoned for breaking or violating any law or ordinance, excluding traffic violations," Singh answered "no." Declaration of F. James Loprest, Jr. ("Loprest Decl."), Ex. A at 18; Complaint ¶¶ 23, 24. The CIS requested that Singh appear for an adjustment interview on March 27, 2006, and during that interview, Singh orally answered "no" when asked if he had ever been arrested.

Following the interview, the District Director of the CIS's New York District issued a decision denying Singh application for adjustment. The CIS noted that Singh had failed to disclose aspects of his criminal record, specifically his 1997 conviction for driving while alcohol-impaired.

Singh then moved the CIS to reconsider its March 27, 2006 decision. In his motion, Singh admitted his failure to disclose his 1997 conviction in his 2004 adjustment application. He claimed, however, that he failed to disclose the conviction on the advice of counsel, as his "former criminal attorney had informed [him] that [he] was not required to state anything about [his] arrest at the interview" and that he "was under the . . . impression that [he] was not required to inform the USCIS about [his] arrest because [his] criminal case was closed." Id., Ex. A at 4. Singh requested that CIS therefore excuse the misrepresentation. Id.

On January 4, 2007, the CIS denied Singh's motion after concluding that it contained no "new evidence or . . . legal argument that would merit reconsideration of [the previous] denial." Id., Ex. A at 1.

4

On February 1, 2007, Singh filed the instant action seeking review of the CIS's denial of adjustment in this Court, alleging that the determination that his answering "no" to the question as to arrests was "fraud" and/or "willful misrepresentation" even though he relied on counsel's advice was in violation of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1255 et seq., the Administrative Procedures Act ("APA"), codified at 5 U.S.C. § 554 et seq. and 5 U.S.C. § 701 et. seq., and his constitutional right to due process.

On January 14, 2008, the Government filed this motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. The motion was marked fully submitted on February 29, 2008.

## II.  DISCUSSION

The complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and that the CIS's denial of adjustment "violated . . . the Administrative Procedure Act," Complaint ¶¶ 45, 47, and was "arbitrary and capricious."  Id. ¶ 53.  The Government argues that the Court's exercise of jurisdiction is barred by 8 U.S.C. § 1252.  Although the

5

Government does not raise the issue, the Court notes that

exercise of subject matter jurisdiction over Singh's complaint

would also require it to address the question of whether an

alien in Singh's position has exhausted his administrative

remedies.[2]  Given the complex and unsettled issues involved, this

Court declines to address the question of subject matter

jurisdiction, and dismisses Singh's claims on the merits.[3]

---

[2] The Court of Appeals has explicitly reserved ruling on the question of
whether the exhaustion requirement would apply in a case where, like here, no
deportation proceedings have commenced.  See Howell v. I.N.S., 72 F.3d 288,
293 n.5 (2d Cir. 1995) ("Since deportation proceedings have commenced in this
case, we do not reach the question of whether a district court possesses
subject matter jurisdiction . . . to review a district director's denial of
adjustment of status when such proceedings have not yet commenced.").  The
courts that have addressed the question are divided.  Cf. Pinho v. Gonzales,
432 F.3d 193, 200-01 (3d Cir. 2005) (recognizing district court jurisdiction
to review denial of adjustment application where no deportation proceedings
yet commenced); Sabhari v. Reno, 197 F.3d 938, 941-43 (8th Cir. 1999)
(holding that denial of adjustment application constituted final agency
action reviewable under the APA); Chan v. Reno, 113 F.3d 1068, 1071 (9th Cir.
1997) (holding exhaustion doctrine does not bar review of denial of
adjustment application); Chen v. Reno, 96 Civ. 5792 (RPP), 1997 WL 316482, at
*2 (S.D.N.Y. 1997) (holding where plaintiff had waited three years for denial
of adjustment application, a year had passed since denial and no deportation
proceedings had been initiated, jurisdiction was proper) with McBrearty v.
Perryman, 212 F.3d 985, 986 (7th Cir. 2000) (holding plaintiffs' suit seeking
review of adjustment application was premature because plaintiffs could
obtain review by the Board of Immigration Appeals if and when the immigration
service instituted removal proceedings against them); Chan v. Reno, 916 F.
Supp. 1289 (S.D.N.Y. 1996) (holding plaintiffs had not exhausted
administrative remedies because they retained right to renew application for
adjustment in deportation proceedings); see also Cardoso v. Reno, 216 F.3d
512, 517-18 (5th Cir. 2000) (holding fact that alien subject to removal order
has right to renew request for adjustment of status in deportation
proceedings deprives district court of jurisdiction).
[3] Although Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998),
limits the courts' ability to exercise hypothetical Article III jurisdiction,
it does not restrict the courts' authority to dismiss on the merits cases
that come within their constitutional jurisdiction, notwithstanding doubts as
to whether they have statutory jurisdiction.  See Bechtel v. Competitive
Techs., Inc., 448 F.3d 469, 479 n.1 (2d Cir. 2006); Guyalpo-Moya v. Gonzales,
423 F.3d 121, 132 n.10 (2d Cir. 2005).

A reviewing court reviews an agency's reasoning to determine whether it is "arbitrary" or "capricious," "or, if bound up with record-based factual conclusions, to determine whether it is supported by 'substantial evidence.'" Dickinson v. Zurko, 527 U.S. 150, 164 (1999). See also Emokah v. Mukasey, 523 F.3d 110, 116 (2d Cir. 2008) ("We review an agency's factual findings under the substantial evidence standard."). When reviewing agency action, a district court sits as an appellate tribunal. Univ. Med. Ctr. Of S. Nev. v. Shalala, 173 F.3d 438, 441 n.3 (D.C. Cir. 1999). Thus, "[t]he entire case on review is a question of law, and only a question of law. And because a court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)(6) stage." See also Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

Under the substantial evidence standard, the courts "will not disturb a factual finding if it is supported by 'reasonable, substantial and probative' evidence in the record when considered as a whole." Wu Biao Chen v. I.N.S., 344 F.3d 272, 275 (2d Cir. 2003) (quoting Diallo v. I.N.S., 232 F.3d 279, 287 (2d Cir. 2000)). An agency's factual findings will be reversed "only if a reasonable fact-finder would have to

7

conclude otherwise." Melgar de Torres v. Reno, 191 F.3d 307,
313 (2d Cir. 1999).

Singh alleges that the CIS's denial of his adjustment
application was based on an erroneous determination that his
false representations to the CIS constituted willful
misrepresentation and/or fraud, regardless of Singh's sworn
statement that the statements were made in reliance on the
advice of counsel.

"An act is done willfully if it is done intentionally
and deliberately and if it is not the result of innocent
mistake, negligence or inadvertence." Emokah v. Mukasey, 523
F.3d 110, 116-17 (2d Cir. 2008) (quotation and alterations
omitted). See also Forbes v. I.N.S., 48 F.3d 439, 442 (9th Cir.
1995) (noting that, for the purposes of the INA, "the
requirement . . . of fraud or willful misrepresentation is
satisfied by a finding that the misrepresentation was deliberate
and voluntary[;] [p]roof of an intent to deceive is not
required; [r]ather, knowledge of the falsity of a representation
is sufficient" (citations omitted)).

The CIS's finding that Singh's misrepresentations were
willful relies on the uncontroverted evidence of Singh's arrests

and his repeated statement that he had never been arrested. As a matter of law, this evidence is sufficient to support the agency's finding that Singh's misrepresentation was willful. Singh's sworn statement that he relied on the advice of counsel does not require reversal of this finding. In that statement, Singh asserts that his attorney advised him that he was not required to state anything about his arrest at the interview. He does not allege that his attorney advised him that, if asked about former arrests, he was permitted to lie. Moreover, as a matter of law, even if his attorney had advised him that he could deny the fact of his prior arrests, a finding of willfulness requires only that the misrepresentation be deliberate and voluntary. See Forbes, 48 F.3d at 442. Singh does not deny that his false statements were deliberate and voluntary, but merely protests that he thought he was permitted to misrepresent. And even this assertion rings hollow, particularly in light of Singh's certification "under the penalty of perjury under the laws of the United States of America, that [his] application and the evidence submitted with it is all true and correct." Loprest Decl., Ex. A at 19.

On the record before the agency, a determination that Singh's misrepresentations were willful falls well within the bounds of reasonableness.

## III. CONCLUSION

For the above-stated reasons, the Government's motion is granted and the complaint is dismissed.

New York, N.Y.
July 30 , 2008

ROBERT W. SWEET
U.S.D.J.